UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD REDINGER, | ) | CASE NO. 5: 10 CV 104 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| STRYKER CORPORATION, *et al.*, | ) | **ORDER** |
| | ) | [Resolving Doc. 4] |
| Defendants. | ) | |

This removed product liability action is before the Court on the Motion of Defendant Stryker Corporation and Howmedica Osteonics Corporation for Partial Dismissal of Claims. (Doc. 4.) Defendants seek dismissal of the common law claims alleged in Counts III and IV of Plaintiff's Complaint. Plaintiff has not filed an opposition to the motion. For the reasons stated below, Defendants' unopposed motion is GRANTED.

**I. Background**

Plaintiff's Complaint alleges the following facts. Plaintiff is an Ohio resident. Defendants Stryker Corporation and Howmedica Osteonics Corporation (collectively, Defendants) are out-of-state corporations that designed, manufactured and sold a medical device used in hip replacement procedures, namely, a straight cemented stem with porous body with lot #6485-3-311 TEC 122. (Complt., ¶ 12.) Defendants' device was placed in Plaintiff during surgery on October 5, 2006 in Stark County, Ohio. (*Id.*, ¶ 5.) On or about December 21, 2007, the implanted device snapped into two pieces within Plaintiff's leg, requiring revision surgery which occurred on or about December 27, 2007. (*Id.*, ¶ 6.)

Plaintiff's Complaint alleges four causes of action against Defendants related to the

design, manufacture and/or sale of the device. Count I alleges "strict liability defective manufacture." Count II alleges "strict liability defective design and failure to warn." Count III alleges "negligence," specifically, that Defendants' device was designed and/or manufactured in a negligent manner. Count IV alleges breach of express and implied warranties by Defendants that the device was reasonably fit for its intended purpose and was of marketable quality.

Defendants move for dismissal of Counts III and IV pursuant to Federal Rule of Civil Procedure 12(b)(6).

**II. Standard of Review**

In ruling on a motion to dismiss under Fed. R. Civ. P 12(b)(6), the Court construes the complaint and draws all reasonable inferences in the plaintiff's favor and accepts the allegations as true. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). "[I]n order to survive a Rule 12(b)(6) motion, the [plaintiff] must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will no do.'"; rather, "'[f]actual allegations must be enough to raise a right to relief above a speculative level.'" *Gunasekera*, 551 F.3d at 466 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 550 (2007)).

The requirement that the plaintiff plead sufficient facts to raise a claim for relief above a speculative level "does not require heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). And although the Court must accept all well-pleaded factual allegations as true, the Court need not

"accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### III. Analysis

Defendants contend Counts III and IV are subject to dismissal because these counts allege common law claims barred by Ohio's comprehensive product liability statutes, Ohio Rev. Code §§ 2307.71 through 2307.80 (the "OPLA"). In particular, § 2307.71(B) of the OPLA expressly states that "Sections 2307.71 to 2307.80 of the Revised Code are intended to abrogate all common law product liability causes of action." Ohio Rev. Code § 2307.71(B). The OPLA defines a "product liability claim" as:

> a claim or cause of action that is asserted in a civil action pursuant to sections 2307.71 to 2307.80 of the Revised Code and that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question, that allegedly arose from any of the following:
>
> (a) The design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product;
>
> (b) Any warning or instruction, or lack of warning or instruction, associated with that product;
>
> (c) Any failure of that product to conform to any relevant representation or warranty.

Ohio Rev. Code § 2307.71(A)(13).

Defendants contend the common law claims for negligence and breach of warranty alleged in Counts III and IV of Plaintiff's Complaint constitute common law claims abrogated by Ohio Rev. Code § 2307.71(B).[1]

---

[1] The strict liability claims alleged in Counts I and II of Plaintiff's Complaint are likewise not pled as statutory claims pursuant to the OPLA. However, Defendants state that they do not

Courts routinely grant dismissal of non-statutory product liability causes of action brought under Ohio law. *See, e.g., Miles v. Raymond Corp*., 612 F. Supp.2d 913 (N.D. Oh. 2009) (finding the OPLA preempted common law negligence and breach of warranty claims not separately cognizable under the OPLA).

The negligence and breach of warranty claims alleged in Counts III and IV fall within the scope of the conduct the OPLA defines as giving rise to a product liability claim. *Se*e Ohio Rev. Code § 2307.71(A)(13). Therefore, Counts III and IV are preempted. *See* Ohio Rev. Code § 2307.71(B).

Courts often dismiss common law causes of action preempted under the OPLA without

---

move for dismissal of Counts I and II because those strict liability claims "arguably state a claim under the OPLA." (Def. Br. at 3.) They refer to Section 2307.73 of the OPLA, which identifies available product liability claims under the OPLA:

> (A) A manufacturer is subject to liability for compensatory damages based on a product liability claim only if the claimant establishes, by a preponderance of the evidence, all of the following:
>
> (1) Subject to division (B) of this section, the manufacturer's product in question was defective in manufacture or construction as described in section 2307.74 of the Revised Code, was defective in design or formulation as described in section 2307.75 of the Revised Code, was defective due to inadequate warning or instruction as described in section 2307.76 of the Revised Code, or was defective because it did not conform to a representation made by its manufacturer as described in section 2307.77 of the Revised Code;
>
> (2) A defective aspect of the manufacturer's product in question as described in division (A)(1) of this section was a proximate cause of harm for which the claimant seeks to recover compensatory damages;
>
> (3) The manufacturer designed, formulated, produced, constructed, created, assembled, or rebuilt the actual product that was the cause of harm for which the claimant seeks to recover compensatory damages.

Ohio Rev. Code § 2307.73 (A).

4

prejudice to allow plaintiffs to re-plead such common law claims under an applicable provision of the OPLA. *See, e,g, Williams v. Bausch & Lomb Co.*, Case No. 2: 08 CV 910, 2009 WL 2983080 (S.D. Oh. Sept. 14, 2009) (granting motion to dismiss without prejudice to plaintiff to re-plead common law claims for negligence, breach of implied warranty, breach of express warranty, negligent misrepresentation and intentional infliction of emotional distress under the OPLA). Although Plaintiff has not opposed Defendants' motion and, therefore, has not suggested that Counts III and IV could be re-pled under some provision of the OPLA, it cannot definitively be determined at this motion to dismiss stage whether at least some of the allegations contained in those counts may be authorized under the OPLA. For instance, its cannot be determined whether Plaintiff's allegations in the breach of warranty claim may by authorized under Ohio Rev. Code § 2307.77, which provides that a "[a] product is defective if it did not conform, when it left the control of its manufacturer, to a representation made by that manufacturer." Therefore, in an abundance of caution and with due regard to the liberal reading Plaintiff's Complaint is accorded at this stage, the Court will allow Plaintiff leave to amend his Complaint to re-plead his claims under the OPLA.

**IV. Conclusion**

For the reasons stated above, Defendants' Motion for Partial Dismissal is granted without prejudice to Plaintiff to re-plead his claims under the OPLA within fourteen days of the date of this Order. Defendants may file a responsive pleading to any re-pled claims.

IT IS SO ORDERED.

  March 12, 2010                                                 */s/ John R. Adams*
           Date                                                  JOHN R. ADAMS
                                                              United States District Judge