UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD REDINGER, | ) | CASE NO. 5: 10 CV 104 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| STRYKER CORPORATION, *et al.*, | ) | **ORDER** |
| | ) | [Resolving Doc. 12] |
| Defendants. | ) | |

This matter is before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 12.) The motion has been fully briefed and is ready for decision. For the reasons stated below, Defendants' motion is granted in part and denied in part.

**I. Background**

Plaintiff's original complaint in this product liability action was initially dismissed because it alleged only common law causes of action abrogated by the Ohio Product Liability Act, Ohio Rev. Code §§ 2307.71-2307.80 ("OPLA"). Plaintiff was given leave to re-plead his claims under the OPLA.

Plaintiff filed an Amended Complaint on March 23, 2010. Plaintiff's Amended Complaint alleges that Defendants Stryker Corporation and Howmedica Osteonics Corporation (collectively, Defendants) manufacture and sell a medical device – namely, a straight cemented stem with porous body with lot #F712T TEC 122 – that was implanted in Plaintiff in October 2006. (Am. Complt., ¶¶ 5, 6.) Fourteen months later, on or about December 21, 2007, the device snapped into two pieces in Plaintiff's leg requiring revision surgery on or about

1

December 27, 2007.  (Am. Complt., ¶ 7.)

The Amended Complaint alleges that the device relates to "Defendants' part number 6485-3-311, which was recalled in or around February 2003 for its tendency to become 'disassociated' while implanted in the patient's body . . . requiring those consumers to undergo additional medical treatment and costs."  (Am. Complt., ¶ 5.)

The Amended Complaint alleges claims under the OPLA for a defect in manufacture or construction under Ohio Rev. Code § 2307.74 (Am. Complt., ¶ 13); a defect in design or formulation under Ohio Rev. Code § 2307.75 (Am. Complt., ¶ 14); and a defect due to inadequate warning or instruction under Ohio Rev. Code § 2307.76 (Am. Complt., ¶ 15.)  The Amended Complaint prays for compensatory and punitive damages.

**II.  Standard of Review**

A complaint must contain sufficient factual material to state a claim that is "plausible on its face" to survive dismissal under Fed. R. Civ. P 12(b)(6).  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  A complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true.  *Ass'n of Cleveland Firefighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).  Accordingly, the Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

**III. Analysis**

Defendants contend Plaintiff's alleged claims under the OPLA do not meet the plausibility pleading requirements. They contend the Amended Complaint, alleging generally that a part number (not the lot) of the device implanted in Plaintiff was recalled and that the product failed in Plaintiff, is insufficient to plead claims under the OPLA.

Plaintiff claims the "two key allegations" set forth in his Amended Complaint – that there was a recall of a part relating to Defendants' device and that the device snapped in two in his leg -- are sufficient factual particulars to support his alleged OPLA claims.

The OPLA provides that a product is defective in manufacture and construction:

if, when it left the control of the manufacturer, it deviated in a material way from the design specifications, formula, or performance standards of the manufacturer, or from otherwise identical units manufactured to the same design specifications, formula, or performance standards. A product may be defective in manufacture or construction as described in this section even though its manufacturer exercised all possible care in its manufacture or construction.

Ohio Rev. Code § 2307.74.

The OPLA provides as follows regarding a defect in design or formulation:

Subject to divisions (D), (E), and (F) of this section, a product is defective in design or formulation if, at the time it left the control of its manufacturer, the foreseeable risks associated with its design or formulation as determined pursuant to division (B) of this section exceeded the benefits associated with that design or formulation as determined pursuant to division (C) of this section.

Ohio Rev. Code § 2307.75(A). Regarding a defect due to inadequate warning or instruction, the OPLA states:

(A) Subject to divisions (B) and (C) of this section, a product is defective due to inadequate warning or instruction if either of the following applies:

(1) It is defective due to inadequate warning or instruction at the time of marketing if, when it left the control of its manufacturer, both of the following

3

applied:

(a) The manufacturer knew or, in the exercise of reasonable care, should have known about a risk that is associated with the product and that allegedly caused harm for which the claimant seeks to recover compensatory damages;

(b) The manufacturer failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the product would cause harm of the type for which the claimant seeks to recover compensatory damages and in light of the likely seriousness of that harm.

(2) It is defective due to inadequate post-marketing warning or instruction if, at a relevant time after it left the control of its manufacturer, both of the following applied:

(a) The manufacturer knew or, in the exercise of reasonable care, should have known about a risk that is associated with the product and that allegedly caused harm for which the claimant seeks to recover compensatory damages;

(b) The manufacturer failed to provide the post-marketing warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the product would cause harm of the type for which the claimant seeks to recover compensatory damages and in light of the likely seriousness of that harm.

Ohio Rev. Code § 2307.76.

Reading the Amended Complaint in the light most favorable to Plaintiff, Plaintiff's factual allegations are sufficient to support *plausible* claims under §§ 2307.74 and 2307.75 of the OPLA. The factual allegations that a part relating to the device was recalled and that the device snapped in two in Plaintiff's leg supports a plausible inference at this motion to dismiss stage that Plaintiff's device deviated in some material way from "the design specifications, formula, or performance standards of the manufacturer, or from otherwise identical units manufactured to the same design specifications, formula, or performance standards." In addition, the fact that a part relating to the device was recalled is enough at this stage to give rise to a plausible inference

that the foreseeable risks associated with the design or formulation of the device outweighed its benefits.

Defendants argue that the recall is irrelevant because it addressed a different problem (the tendency of the product to disassociate from the bone) than the harm allegedly suffered by Plaintiff (*i.e.*, the stem snapping in two); they argue that the breaking of Plaintiff's device does not demonstrate a defect because there "are lots of reasons the Stem may have broken – from doctor error to something Mr. Redinger did." These arguments are relevant to whether Plaintiff can ultimately prove his claims; however, they do not demonstrate that Plaintiff's claims are not *plausible*. At this stage, the facts concerning the recall are not established. A plausible conclusion could be reached that there was a defect in Plaintiff's device and that the defect caused Plaintiff's injury. Accordingly, Defendants' motion to dismiss is denied with respect to Plaintiff's claims under Ohio Rev. Code §§ 2307.74 and 2307.75.[1]

However, the motion to dismiss is granted with respect to Plaintiff's alleged claim under Ohio Rev. Code § 2307.76. As set out above, § 2307.76 pertains to Defendants' knowledge of risks associated with a product and whether Defendant gave appropriate warnings or instructions regarding those risks. The Amended Complaint is completely bereft of any factual allegation pertaining to Defendants' knowledge of any risk associated with the device at issue here, either at the time the device left Defendants' control or at a relevant time thereafter, and of any factual allegation pertaining to the warnings or instructions, or lack of warnings and instructions, that Defendants made. Plaintiff has alleged no factual particulars supporting a plausible conclusion

---

[1] The motion to dismiss is also denied with respect to Plaintiff's prayer for punitive damages under the OPLA. At this juncture, it is at least plausible that the alleged facts could support recovery of punitive damages under Ohio Rev. Code § 2307.80.

5

that there was inadequate warning or instruction under Ohio Rev. Code § 2307.76.

### IV. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss is granted with respect to Plaintiff's claim under Ohio Rev. Code § 2307.76 but denied as to Plaintiff's claims under Ohio Rev. Code §§ 2307.74 and 2307.75.  Plaintiff's claim under Ohio Rev. Code §§ 2307.76 (Am. Complt. ¶ 15) is hereby dismissed from the case.

IT IS SO ORDERED.


Dated:  May 19, 2010                         */s/ John R. Adams*
                                             JOHN R. ADAMS
                                             United States District Judge